**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

| | |
|---|---|
| **TERRI RIZZA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | **Case No.:** |
| **MDVIP, LLC,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

**PLAINTIFF'S COMPLAINT WITH DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff, TERRI RIZZA (hereinafter "Plaintiff" or "Rizza"), and files her Complaint against Defendant, MDVIP, LLC (hereinafter "Defendant" or "MDVIP"), and in support Plaintiff states the following:

**NATURE OF THE CLAIMS**

1.     This is an action for monetary damages pursuant to Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. §§ 2000e, *et seq*. (hereinafter "Title VII") to redress Defendants' unlawful employment practices against Plaintiff, including Defendants' unlawful discrimination and retaliation against Plaintiff because of her race and national origin leading to her unlawful termination.

**JURISDICTION AND VENUE**

2.     This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under the Title VII.

3.     Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein occurred in this district.

## THE PARTIES

4.     Plaintiff, Terri Rizza, is a citizen of the Unites States and is and was at all times material a resident of the State of Florida, residing in Palm Beach County, Florida.

5.     Defendant, MDVIP, is a foreign limited liability company with its principal place of business in Boca Raton, Florida.

6.     Defendant does business in this Judicial District and Plaintiff worked for Defendant at 4950 Communication Ave, Suite 100, Boca Raton, FL 33431.

7.     Defendant is an employer as defined by the laws under which this action is brought and employs the requisite number of employees.

## PROCEDURAL REQUIREMENTS

8.     Plaintiff has complied with all statutory prerequisites to filing this action.

9.     On or about February 20, 2020 Plaintiff dual-filed a claim with the Florida Commission on Human Relations ("FCHR") and the Equal Employment Opportunity Commission (EEOC") satisfying the requirements of 42 U.S.C. § 2000e5(b) and (e), based on disability and retaliation.

10.     Plaintiff's EEOC charge was filed within three hundred (300) days after the unlawful employment practices occurred.

11.     On February 8, 2021, the EEOC issued to Plaintiff her Notice of Right To Sue. (Exhibit "A").

12.     This complaint was timely filed within ninety days following Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## FACTUAL ALLEGATIONS

13.     Plaintiff is an African American female and is of Jamaican and Chinese national origin.

14.     Plaintiff began working for Defendant in April 2012 as a Staff Accountant.

15.     In 2014, Defendant hired Colyn Pinder (Caucasian) as an Accounting Manager above Plaintiff and required Plaintiff to train Mr. Pinder.

16.     Shortly thereafter, Mr. Pinder began subjecting Plaintiff to a continuous pattern of discriminatory comments and disparate treatment.  For example, Mr. Pinder would refer to himself as "Gringo," and repeatedly excluded Plaintiff from trainings that her Caucasian/American counterparts were provided.

17.     Plaintiff reported her protected concerns of Mr. Pinder's discriminatory conduct to Matthew Grossman (Director of Finance, Caucasian); however, Mr. Grossman refused to take any remedial action.

18.     Instead of taking remedial action, Mr. Grossman offered Plaintiff a lateral move to another Staff Accountant position.  This transfer would not have remedied any of the discrimination, was the same pay and prestige level, and did not provide any professional growth or advancement opportunities; thus, Plaintiff declined the alternative position.

19.     Mr. Pinder and Mr. Grossman continued subjecting Plaintiff to constant disparate treatment and preventing her from professional advancement opportunities by refusing to provide her with cross training but requiring her to train/cross-train her Caucasian counterparts.

20.     Plaintiff continued escalating concerns of disparate treatment as compared to her Caucasian counterparts.

21.     In response to Plaintiff's protected escalations, Defendant further discriminated and retaliated against Plaintiff including, but not limited to, subjecting Plaintiff to increased scrutiny, suddenly denying Plaintiff's PTO requests that had been approved consistently for years, and undermining her authority by referring staff to Mr. Pinder for areas under Plaintiff's responsibility and authority.

22.     Then, Defendant gave Plaintiff an insufficient raise despite her numerous contributions and additional responsibilities including handling nine medical practices, managing intercompany transactions, maintaining the fixed asset register, and repeatedly training her Caucasian counterparts on top of her standard job duties.  Again, Plaintiff reported her concerns of discrimination to Mr. Grossman.

23.     Despite Plaintiff's repeated reports regarding Mr. Pinder's and Mr. Grossman's continuous pattern of discriminatory and retaliatory conduct, Defendant promoted Mr. Pinder, reopening the Accounting Manager position.

24.     Plaintiff applied for the Accounting Manager position as she had almost completed her MBA degree – which Defendant stated was the reason she was not eligible for the position previously.  However, to further discriminate and retaliate against Plaintiff, Mr. Grossman denied Plaintiff the position.

25.     Instead, Defendant hired Sylwia Floribus (Caucasian) for the position despite the fact that Ms. Floribus was lesser qualified than Plaintiff and awarded Ms. Floribus the title of Assistant Controller.

26.     Plaintiff again expressed her concerns of discrimination and retaliation to Mr. Grossman to no avail.

27.     Consistent with Defendant's pattern of discrimination and retaliation, Ms. Floribus subjected Plaintiff to further increased scrutiny.  Plaintiff expressed her concerns to no avail.

28.     Plaintiff escalated her concerns to Matthew Hashem (President and CFO, Caucasian) as permitted by policy.  Mr. Hasham also refused to take remedial action.

29.     Days after Plaintiff's protected escalations, Defendant terminated Plaintiff.

30.     Further, Defendant has a pattern and practice of discriminating against non-Caucasian employees.  For example, Defendant discriminated against Clive Henry (African American, Jamaican), denying him a promotion in favor of a lesser qualified Caucasian employee and then replacing Mr. Henry with Gregory Baye (Caucasian).  Similarly, Defendant denied Joan (last name unknown)(African American, Haitian) for a promotional opportunity because of her Haitian accent.  Further, Defendant forbade Brenda Miranda (Hispanic) from speaking Spanish with other Hispanic coworkers.   After Ms. Miranda was forced to resign due to incessant discrimination by Deborah Terrell (Caucasian), Defendant replaced Ms. Miranda with Jason Randle (African American).  Ms. Terrell further discriminated against Mr. Randle, and when Mr. Randle reported her to Defendant, Defendant rewarded Ms. Terrell with a promotion and replaced her Amanda Applebaum (Caucasian) – who had no experience with Accounts Payable instead of promoting Plaintiff or another non-Caucasian Accounts Payable employee.

31.     Plaintiff has been damaged by Defendant's illegal conduct.

32.     Defendant's conduct was willful, malicious, and done with reckless disregard for Plaintiff's federally protected rights.

33. Plaintiff has had to retain the services of undersigned counsel and has agreed to pay said counsel reasonable attorneys' fees.

### COUNT I: RACE BASED DISCRIMINATION IN VIOLATION OF TITLE VII

34. Plaintiff re-alleges and adopts, as fully set forth herein, the allegations stated in paragraphs 1-33 above.

35. At all times relevant to this action, Plaintiff was in a protected category under Title VII because of her race, African American and Asian.

36. Defendants are prohibited under Title VII from discriminating against Plaintiff because of her race with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

37. Defendants violated Title VII by discriminating against Plaintiff based on her race.

38. Defendants intentionally discriminated against Plaintiff on the basis of her race.

39. As a direct and proximate result of Defendants' unlawful and discriminatory conduct in violation of Title VII, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

40. Defendants' unlawful conduct in violation of Title VII was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling her to an award of exemplary and/or punitive damages.

### COUNT II: NATIONAL ORIGIN BASED DISCRIMINATION IN VIOLATION OF TITLE VII

41.     Plaintiff re-alleges and adopts, as fully set forth herein, the allegations stated in paragraphs 1-33 above.

42.     At all times relevant to this action, Plaintiff was in a protected category under Title VII because of her national origin, Jamaican and Chinese.

43.     Defendants are prohibited under Title VII from discriminating against Plaintiff because of her national origin with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

44.     Defendants violated Title VII by discriminating against Plaintiff based on her national origin.

45.     Defendants intentionally discriminated against Plaintiff on the basis of her national origin.

46.     As a direct and proximate result of Defendants' unlawful and discriminatory conduct in violation of Title VII, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

47.     Defendants' unlawful conduct in violation of Title VII was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling her to an award of exemplary and/or punitive damages.

## <u>COUNT III: RETALIATION IN VIOLATION OF TITLE VII</u>

48.     Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-33 above.

49.     Plaintiff engaged in protected activity under Title VII on more than one occasion while employed by Defendants.

50.     Defendant is prohibited from retaliating against Plaintiff for engaging in protected activity under Title VII.

51.     Defendants engaged in intentional retaliation against Plaintiff for her participation in protected activity in violation of Title VII up to and including terminating Plaintiff.

52.     As a direct and proximate result of Defendants' unlawful and retaliatory conduct in violation of Title VII, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

53.     Defendants' unlawful conduct in violation of Title VII was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling her to an award of exemplary and/or punitive damages.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a)     Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, punitive damages, liquidated damages, and prejudgment interest thereon;

b)     Grant Plaintiff her costs and an award of reasonable attorneys' fees (including expert fees); and

c)      Award any other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted:

*/s/ Gary Martoccio*
Gary Martoccio
Florida Bar No.: 099040
Zane Herman *(CM/ECF Pending)*
Florida Bar No.: 120106
Spielberger Law Group
4890 W. Kennedy Blvd., Suite 950
Tampa, Florida 33609
T: (800) 965-1570
F: (866) 580-7499
gary.martoccio@spielbergerlawgroup.com
zane.herman@spielbergerlawgroup.com

*Counsel for Plaintiff*